Pravin B. SHAH, Plaintiff-Appellant,

v.

HALLIBURTON COMPANY, d/b/a Halliburton Services, Defendant-Appellee.

No. 79–1314.

United States Court of Appeals,
Tenth Circuit.

Argued June 8, 1980.

Decided Aug. 15, 1980.

Rehearing Denied Sept. 12, 1980.

Gerald E. Kamins, Tulsa, Okl., on brief, for plaintiff-appellant.

Edward E. Soule, Oklahoma City, Okl. (Lytle, Soule & Emery, Oklahoma City, Okl., of counsel), for defendant-appellee.

Before SETH, Chief Judge, and McKAY and SEYMOUR, Circuit Judges.

SEYMOUR, Circuit Judge.

Pravin B. Shah, a native of India, brought this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Civil Rights Act of 1866, 42 U.S.C. § 1981, alleging he was unlawfully terminated from his employment with the Halliburton Company because of his national origin and race. The district court granted summary judgment for Halliburton on the ground that Shah was barred by limitations from proceeding under either statute.

On appeal, Shah contends the district court erred (1) in concluding that the statu-

tory period for purposes of filing his discriminatory discharge claim with the Equal Employment Opportunity Commission began to run on the last day he actually worked rather than the last day for which he received compensation, and (2) in applying the Oklahoma two-year statute of limitations applicable to tort actions to his section 1981 claim. We affirm in part and reverse in part.

## I.

### Title VII Claim

In an affidavit, Shah stated that on May 26, 1976, the manager of his department, W. T. Malone, told him he "was fired effective *June 15*, 1976. However, Mr. Malone told [him] to leave the premises that day (May 26) and not to return to work." Rec., vol. I, at 39. Shah failed to file charges with the E.E.O.C. until November 30, 1976. Under 42 U.S.C. § 2000e–5(e), Shah had 180 days after the alleged unlawful employment practice occurred to file a complaint with the E.E.O.C. Thus, the timeliness of his filing depends upon whether the statutory period commenced on his last day of work, May 26th, or on the last day he received pay, June 15, 1976.

The statutory period for employment discrimination claims begins to run from the date of the last alleged unlawful employment practice. *Molybdenum Corp. of America v. E.E.O.C.*, 457 F.2d 935, 936 (10th Cir. 1972). Here, Shah offered no evidence of any unlawful employment practice occurring after his discharge, and therefore the discharge must be treated as the last alleged discriminatory practice. "[W]hen the employer, by acts or words, shows a clear intention to dispense with the services of an employee, *a discharge occurs at the latest as of the date after which services are no longer accepted.*" *Payne v. Crane Co.*, 560 F.2d 198, 199 (5th Cir. 1977) (emphasis added).[1] Therefore, Shah's discharge must be deemed to have occurred on May 26, 1976, triggering the running of the 180-day period on that date.

1. Although *Payne* arose under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., "[g]iven the identical wording of Title VII's and the ADEA's 180-day requirements, and the common humanitarian and remedial purpose of the two statutes, we perceive no

The fact that Shah received pay for at least two weeks after his discharge is of no consequence. As the Third Circuit pointed out in *Bonham v. Dresser Industries, Inc.*, 569 F.2d 187, 191 (3d Cir. 1978), *cert. denied*, 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1979):

> "Although no simple rule can be formulated which will deal adequately with all factual situations, where unequivocal notice of termination and the employee's last day of work coincide, then the alleged unlawful act will be deemed to have occurred on that date, notwithstanding the employee's continued receipt of certain employee benefits such as periodic severance payments or extended insurance coverage."

*See also Kryzewski v. Metropolitan Government*, 584 F.2d 802, 804–806 (6th Cir. 1978); *Greene v. Carter Carburetor Co.*, 532 F.2d 125, 126 (8th Cir. 1976).

Accordingly, Shah did not file timely charges with the E.E.O.C., thereby failing to meet one of the prerequisites to a Title VII action in federal court.[2] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798, 93 S.Ct. 1817, 1822, 36 L.Ed.2d 668 (1973). The Title VII claim was properly dismissed.

## II.

### Section 1981 Claim

With respect to Shah's section 1981 claim, the Court held in *Johnson v. Railway Express, Inc.*, 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975), that "since there is no specifically stated or otherwise relevant federal statute of limitations for a cause of action under § 1981, the controlling period would ordinarily be the most appropriate one provided by state law." Here the trial court applied the Oklahoma two-year statute of limitations for "an action for injury to the rights of another, not arising on contract." 12 Okla. Stat. § 95 Third.[3] Since Shah filed this suit approximately two years and four months after his cause of action accrued, the court dismissed the 1981 claim as untimely. On appeal, Shah argues that the three-year statute of limitations which covers both contract actions and actions upon a liability created by statute[4] should have been applied. We agree.

As applicable to the case at bar, 42 U.S.C. § 1981 provides that "[a]ll persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens . . . ." There has been considerable disagreement over the most appropriate state statute of limitations for a section 1981 action. *See* Annot., *State Statutes of Limitations as Affecting Federal Civil Rights Actions Under 42 U.S.C. § 1981*, 29 A.L.R. Fed. 710, 721 (1976). Many courts have applied to section 1981 actions the state statute of limitations for an action upon a liability created by

---

reason to interpret the two requirements differently in this regard." *Ricks v. Delaware State College*, 605 F.2d 710, 712 (3d Cir. 1979). *Cf. Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979).

2. Plaintiff urges that the doctrine of "equitable tolling" should be applied to preserve his Title VII claim. However, none of the facts on which he bases his contention were presented to the district court and consequently are not in the record before us. We refuse to consider the equitable tolling argument inasmuch as plaintiff raised it for the first time on appeal. *Neu v. Grant*, 548 F.2d 281, 287 (10th Cir. 1977); *Gomes v. Williams*, 420 F.2d 1364, 1367 (10th Cir. 1970).

3. In pertinent part the Oklahoma statute of limitations, 12 Okla. Stat. § 95, provides:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

"First. Within five years: An action upon any contract, agreement or promise in writing.

"Second. Within three years: An action upon a contract express or implied not in writing; an action upon a liability created by statute other than a forfeiture or penalty.

"Third. Within two years . . . an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated; . . . ."

4. *See* 12 Okla. Stat. § 95 Second, note 3 *supra*.

statute. *See, e. g., Tyler v. Reynolds Metals Co.*, 600 F.2d 232 (9th Cir. 1979); *Keyse v. California Texas Oil Corp.*, 590 F.2d 45 (2d Cir. 1978); *Martin v. Georgia-Pacific Corp.*, 568 F.2d 58 (8th Cir. 1977); *Mason v. Owens-Illinois, Inc.*, 517 F.2d 520 (6th Cir. 1975). Other courts have applied state statutes generally applicable to contract actions. *See Boudreaux v. Baton Rouge Marine Contracting Co.*, 437 F.2d 1011 (5th Cir. 1971); *Groves v. Insurance Co. of North America*, 433 F.Supp. 877 (E.D.Pa.1977); *Camack v. Hardee's Food Systems, Inc.*, 410 F.Supp. 469 (M.D.N.C.1976); *Sims v. Order of United Commercial Travelers of America*, 343 F.Supp. 112 (D.Mass.1972). Still other courts have concluded that section 1981 actions are not really contractual in nature and have applied limitation statutes generally applicable to tort actions. *Ingram v. Steven Robert Corp.*, 547 F.2d 1260 (5th Cir. 1977); *Marlowe v. Fisher Body*, 489 F.2d 1057 (6th Cir. 1973); *Buckner v. Goodyear Tire & Rubber Co.*, 339 F.Supp. 1108, 1118 (N.D.Ala.1972), aff'd, 476 F.2d 1287 (5th Cir. 1973). *See also McCrary v. Runyon*, 515 F.2d 1082 (4th Cir. 1975), aff'd, 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976).

In *Zuniga v. AMFAC Foods, Inc.*, 580 F.2d 380, 387 (10th Cir. 1978), we pointed out that a section 1981 action based on a discriminatory discharge "is comparable to actions for a tort wrong growing out of a contract, *and* to a contractual wrong . . ." (Emphasis supplied). However, we were not forced to choose between the limitations statute for contract actions and the statute for tort actions since, unlike here, the same statutory period was provided for actions of either description. *Id.* at 385 n. 7. Quoting from *Auto Workers v. Hoosier Corp.*, 383 U.S. 696, 706, 86 S.Ct. 1107, 1113, 16 L.Ed.2d 192 (1966), we defined in *Zuniga* the process

for determining the most appropriate state statute of limitations for a section 1981 action:

> " 'We agree that the characterization of this action for the purpose of selecting the appropriate state limitations provision is ultimately a question of federal law. *Textile Workers v. Lincoln Mills, supra* [353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972]; *McClaine v. Rankin, supra* [197 U.S. 154, 25 S.Ct. 410, 49 L.Ed. 702]. But there is no reason to reject the characterization that state law would impose unless that characterization is unreasonable or otherwise inconsistent with [the policy of the federal statute]. *Cf. Reconstruction Finance Corp. v. Beaver County*, 328 U.S. 204, 210, [66 S.Ct. 992, 90 L.Ed. 1172]; *De Sylva v. Ballentine*, 351 U.S. 570, 580–582 [76 S.Ct. 974, 100 L.Ed. 1415].' "

580 F.2d at 383.

Under Oklahoma law, as we have noted, a two-year limitations period generally applies to tort actions and a three-year period applies to both contract actions and actions arising from "a liability created by statute." 12 Okla. Stat. § 95. In an effort to determine how Oklahoma would characterize this action for purposes of applying its statute of limitations, defendant concedes that "Oklahoma state court decisions directly in point have not been found." Appellee's Brief at 21. Moreover, we find the Oklahoma cases cited by defendant as "analogous" to be unhelpful. In addition, the federal district courts in Oklahoma have reached conflicting conclusions as to whether the two-year statute or the three-year statute applies to section 1981 actions based on discriminatory employment practices. *Compare Person v. St. Louis-San Francisco Ry.*, 428 F.Supp. 1148 (W.D.Okla.1976) (applying two-year statute),[5] and *Wright v. St.*

---

5. In holding that the two-year statute applied to a section 1981 action for employment discrimination, the district court in *Person* relied solely on our decision in *Crosswhite v. Brown*, 424 F.2d 495 (10th Cir. 1970). There, however, we were faced with an action by an escaped prisoner under 42 U.S.C. §§ 1983, 1985 alleging a conspiracy by an Oklahoma sheriff to unlaw-

fully cause the escapee's return to Mississippi without extradition. We upheld the district court's dismissal of the action as barred by the Oklahoma statute of limitations. Although the district court had applied the two-year statute, the action was not brought until twelve years after the cause of action arose and would also have been barred by the three-year statute for

*Johns Hospital*, 414 F.Supp. 1202, 1206 (N.D.Okla.1976) (applying three-year statute).

*Zuniga* appropriately defines a section 1981 claim for discriminatory discharge from employment as having the elements of both a contract and a tort claim. 580 F.2d at 386–387. Furthermore, the cause of action can clearly be construed as one based upon a liability created by statute. In *Hughes v. Reed*, 46 F.2d 435 (10th Cir. 1931), we were similarly faced with an action based on a liability created by statute which contained elements of both tort and contract. It therefore arguably fell under either the two-year or the three-year Oklahoma statute of limitations. In reversing the application by the district court of the two-year statute, we reasoned that "[w]here doubt exists as to the nature of the action, courts lean toward the application of the longer period of limitations." *Id.* at 440. *See also Reid v. Volkswagen of America, Inc.*, 512 F.2d 1294, 1297 (6th Cir. 1975); and *Guam Scottish Rite Bodies v. Flores*, 486 F.2d 748, 750 (9th Cir. 1973), where the court upheld the rule that "where there is a 'substantial question' over which of two conflicting statutes of limitations, to apply, the court should as a matter of policy apply the longer."

We believe this rule is particularly apposite where civil rights statutes are involved. "The purpose for which the section was enacted—to afford equal opportunities to secure the benefits of American life regardless of race—requires that a court adopt a broad outlook in enforcing Section 1981." *Long v. Ford Motor Co.*, 496 F.2d 500, 505 (6th Cir. 1974). *And cf. Jones v. Mayer Co.*, 392 U.S. 409, 422–44, 88 S.Ct. 2186, 2194–95, 20 L.Ed.2d 1189 (1968). In *Brogan v. Wiggins School District*, 588 F.2d 409, 412 (10th Cir. 1978), we upheld application of the longer Colorado statute of limitations to a section 1983 action, stating: "since [section 1983] seeks to protect fundamental rights and inasmuch as there would appear to be a

an action upon a liability created by statute. Given the different nature of the action in *Crosswhite* and the fact that application of the two-

choice between the two-year and the six-year statute, the latter would seem proper . . . ."

Because there is a substantial question in this case over whether to apply the Oklahoma two-year statute applicable to torts or the three-year statute applicable to contract actions and actions upon a liability created by statute, we conclude that the district court should have applied the longer statute. Since Shah filed his section 1981 action within the three-year statutory period, the district court erred in holding that it was time-barred.

Dismissal of the Title VII claim is affirmed. Dismissal of the section 1981 claim is reversed and remanded for further proceedings.

year statute was unnecessary to the holding, we do not believe our decision there governs the instant case.