702 F.2d 849
 31 Fair Empl.Prac.Cas. 277,
31 Empl. Prac. Dec. P 33,424, 9 Ed. Law Rep. 1194
 Paul A. GARCIA, Plaintiff-Appellant,
v.
UNIVERSITY OF KANSAS, Archie R. Dykes, Helmut E. Huesbergen,
Robert P. Cobb, Walter Hiersteiner, C. John Conard, James J.
Basham, M.D., E. Bernard Franklin, Robert H. O'Neil, M.D.,
Marshall P. Reeve, Glee S. Smith, M. Prudence Hutton, Frank
A. Lowman, Erich A. Albrecht, Frank Baron, Ernest S. Dick,
Charles Findlay, Henry Fullenwider, Warren Maurer, Helga
Vigliano, Donald K. Watkins, and Carol Worth, Defendants-Appellees.
 No. 79-1166.
 United States Court of Appeals,
Tenth Circuit.
 March 9, 1983.
 
 Alan E. South of Crews, Milliard & South, Kansas City, Mo., and B.H. Milliard of Crews, Milliard & South, Overland Park, Kan., for plaintiff-appellant.
 Robert T. Stephan, Atty. Gen., State of Kan., and Ann Victoria Thomas, Sp. Asst. Atty. Gen., and Associate General Counsel, University of Kansas, Lawrence, Kan., for defendants-appellees.
 Before SETH, Chief Judge, SEYMOUR, Circuit Judge, and MARKEY,* Judge.
 SETH, Chief Judge.
 
 
 1
 This action is one brought pursuant to 42 U.S.C. Secs. 1981 and 1983. Plaintiff-appellant claims that the University of Kansas and its agents and employees discriminated against him by failing to hire him because of his nationality. The district court treated the motion to dismiss on limitations grounds as a motion for summary judgment and dismissed the action. The trial court found that the nature of plaintiff's causes of action based on 42 U.S.C. Secs. 1981 and 1983 were for injury to personal rights and were barred by K.S.A. Sec. 60-513(a)(4) which allows only two years within which to bring "an action for injury to the rights of another, not arising on contract, and not herein enumerated." This appeal followed.
 
 
 2
 Since there is no applicable federal statute of limitations relating to civil rights actions brought under sections 1981 and 1983, federal courts must apply "the most appropriate one provided by state law." Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295; Board of Regents v. Tomanio, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440; Brown v. Bigger, 622 F.2d 1025 (10th Cir.); Crosswhite v. Brown, 424 F.2d 495 (10th Cir.). In Zuniga v. AMFAC Foods, Inc., 580 F.2d 380 (10th Cir.), we recognized "that the characterization of [an] action for the purpose of selecting the appropriate state limitations provision is ultimately a question of federal law" and is a problem. "But there is no reason to [completely] reject the characterization that state law would impose unless that characterization is unreasonable or otherwise inconsistent with [the policy of the federal statute]." The wrong which plaintiff alleged was a violation of the right to equal protection of the laws by the defendants' discriminatory action in failing to hire him. This was the cause of action. The district court characterized the cause of action against the defendants as being in tort. Appellant contends that the more appropriate description of the cause of action is that of one created by statute. See K.S.A. Sec. 60-512(2).
 
 
 3
 We must center on the cause of action asserted under sections 1981 and 1983. The cause is one for violation of plaintiff's constitutional rights. We should not be concerned with how the rights were violated, such as by a discharge or by an assault, as this is only an assertion of the manner in which the violation was accomplished. It is not a description of the rights violated.
 
 
 4
 Similarly state statutory periods depend in some instances on the official position of the defendant, thus a stated period for suits against police officers or county commissioners. The status of the defendant, however, has no relation to the nature of the cause of action under sections 1981 or 1983. Again many limitations statutes are directed to the manner in which the cause of action is created, thus the suspect ones directed to federally created rights, or ones directed generally to rights created by statute. These descriptions are again unrelated to the nature of the cause of action asserted.
 
 
 5
 The Court in Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295, indicated that such state limitations should be ignored which are "inconsistent with the federal policy underlying the cause of action." This to us is an indication that the nature of the cause of action is the fundamental consideration.
 
 
 6
 In Board of Regents v. Tomanio, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440, there is a reference to the nature of the cause of action, not a description of the defendants, not how the cause was created, and not the details as to how the rights were violated. In Tomanio the reference is to borrowing state limitations "governing an analogous cause of action."
 
 
 7
 We thus must compare the basic violation of the rights of plaintiff as the cause of action to the several Kansas statutes of limitations which are directed to asserted causes of action. This must be what the Court means in its direction to examine the underlying claim.
 
 
 8
 In Crosswhite v. Brown, 424 F.2d 495 (10th Cir.), we compared the cause of action asserted to the Oklahoma statute directed to an "action for injury to the rights of another." Also, as early as 1949 in Wilson v. Hinman, 172 F.2d 914 (10th Cir.), this court compared the cause of action to the Kansas G.S. sec. 60-306, para. 3, relating to an "action for injury to the rights of another." This was an analysis directed to the cause of action there asserted. (The section referred to in Wilson v. Hinman is now K.S.A. Sec. 60-513.)
 
 
 9
 We must conclude that the Kansas limitations statute which most nearly describes the nature of plaintiff's cause of action is K.S.A. Sec. 60-513 directed to injury to rights of another and providing a two-year period.
 
 
 10
 The judgment of the trial court is affirmed.
 
 SEYMOUR, Circuit Judge, dissenting:
 
 11
 Because I am unable to reconcile the analysis set forth by the majority with the opinions of this court in Shah v. Halliburton Co., 627 F.2d 1055, 1058 (10th Cir.1980), and Zuniga v. AMFAC Foods, Inc., 580 F.2d 380, 383-84 (10th Cir.1978), I must respectfully dissent.
 
 
 12
 The established approach under 42 U.S.C. Sec. 1988 (1976) for selecting the statute of limitations applicable to a claim brought under section 1981 or section 1983 is to borrow "the state law of limitations governing an analogous cause of action." Board of Regents v. Tomanio, 446 U.S. 478, 483-84, 100 S.Ct. 1790, 1794-1795, 64 L.Ed.2d 440 (1980). The Supreme Court has also described the approach as "adopt[ing] the local law of limitation," Runyon v. McCrary, 427 U.S. 160, 180, 96 S.Ct. 2586, 2599, 49 L.Ed.2d 415 (1976) (citing Holmberg v. Armbrecht, 327 U.S. 392, 395, 66 S.Ct. 582, 584, 90 L.Ed. 743 (1945)), or applying "the most appropriate one provided by state law." Johnson v. Railway Express Agency, 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975).
 
 
 13
 Unfortunately, the Supreme Court has provided little guidance to the lower courts on how to choose a statute from among several state statutes of limitation, each of which governs a cause of action arguably analogous to the section 1981 or section 1983 action at hand. In Johnson, for example, the Court expressly left open the question whether Tennessee's one-year statute of limitations governing, inter alia, "civil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes," was the most appropriate for section 1981 "borrowing" purposes. 421 U.S. at 456 n. 2, 463 n. 7, 95 S.Ct. at 1718 n. 2, 1721 n. 7. The Court refused to consider whether Tennessee's six-year statute for action on a contract, or its ten-year statute on an action not otherwise provided for, might have been more appropriate. Id. at 463 n. 7, 95 S.Ct. at 1721 n. 7. Similarly, in Tomanio the Court declined to consider whether the New York statute governing review of administrative actions was more appropriate to the section 1983 claim than the statute governing actions to recover on a liability created by statute. 446 U.S. at 484 n. 4, 100 S.Ct. at 1795 n. 4. Although in Runyon the Court approved the application of a statute governing personal injury actions to a section 1983 claim, 427 U.S. at 180, 96 S.Ct. at 2599, in so doing it deferred to the lower court's interpretation of relevant state law. Not surprisingly, this lack of guidance has resulted in diverse approaches among the circuits to the task of selecting a state limitation statute governing actions analogous to claims under section 1981 or section 1983. See generally Shah, 627 F.2d at 1057-58; Beard v. Robinson, 563 F.2d 331, 337 n. 7 (7th Cir.1977).
 
 
 14
 In Shah, the plaintiff had no written employment contract and alleged a discriminatory discharge in violation of section 1981. The Oklahoma statute of limitation provided a period of two years for tort actions, and three years for actions on unwritten contracts or for actions upon a liability created by statute. Okla.Stat. tit. 12, Sec. 95 (1971). The trial court applied the two-year tort statute and dismissed the suit as untimely. We reversed. In so doing, we did not expressly liken the section 1981 action to a tort, contract, or statutory claim. Instead, we recognized that the claim could be viewed as analogous to any of these actions. Citing the broad outlook to be given section 1981 claims, we concluded that when a substantial question exists over which state statute applies, the court should apply the more generous limitation period as a matter of policy. Shah, 627 F.2d at 1059.
 
 
 15
 In Zuniga, we had to determine the Colorado statute of limitations applicable to a section 1981 claim of discriminatory discharge involving a written employment contract. The Colorado limitations statute allowed two years for an action "upon a liability created by a federal statute," unless "comparable actions arising under Colorado law" would be subject to a longer period, in which case the longer period would apply. Colo.Rev.Stat. Sec. 13-80-106 (1973). We expressly rejected an approach that would characterize all section 1981 actions as ones based upon a liability created by statute, and adopted the Third Circuit's method of critically analyzing the particular allegations of the claim underlying the section 1981 action "and then determining if there is a comparable state analogue." Zuniga, 580 F.2d at 383-84. In keeping with this approach, we analogized the section 1981 claim to either a tort or a breach of contract claim, and applied the Colorado six-year statute governing both such claims. "There is no doubt that there are some differences between a civil rights claim created by section 1981 and contract and tort claims, but we cannot say that a comparable claim is not found in the contract and tort causes of action." Id. at 386.
 
 
 16
 Both Zuniga and Shah rejected the rote utilization of a single type of limitations statute. In both cases the court likened the claim underlying the section 1981 action to comparable state claims and applied the longer applicable limitation statute.[1] We concluded in Zuniga that critically analyzing the particular claim, and then determining if there is a comparable state law analogue, is in keeping with the teachings of relevant Supreme Court cases.
 
 
 17
 The majority in the instant case rejects this conclusion and proposes to focus instead on the "nature" of the cause of action as distinguished from the manner in which rights were actually violated, e.g., discharge, refusal to hire, or assault. Presumably, under this approach, a section 1981 claim states a cause of action for injury to constitutional rights and the court must therefore borrow the state limitation law governing state claims closest to this kind of injury. The majority concludes that Kan.Stat.Ann. Sec. 60-513(a)(4) (1976), applicable to actions for "injury to the rights of another, not arising on contract and not herein enumerated," is most analogous. The majority believes that this statute is more appropriate than any other, even the Kansas statute governing actions based on a liability created by statute, because all Kansas statutes except section 60-513(a)(4) look to the manner in which rights were violated rather than the nature of the cause of action. However, analysis of the particular allegations of the claim is specifically required by Zuniga and Shah.
 
 
 18
 Moreover, application of the approach proposed by the majority to the limitations laws of the states in this circuit may raise substantial difficulties. In actions governed by Kansas laws, the majority result requires an automatic conclusion that a section 1981 action is not, under section 60-513(a)(4), an action "enumerated" anywhere else within the Kansas limitations laws. However, this proviso in section 60-513(a)(4) calls for a probe into the nature of the claim underlying the section 1981 cause of action to determine whether it is in fact comparable to an action enumerated elsewhere. Furthermore, because section 60-513(a)(4) expressly does not apply to an action arising on contract, if the section 1981 claim at issue involves a written employment contract, as it did in Zuniga, we must necessarily look to another limitation statute. The majority approach does not address this situation because its analysis does not go beyond the first comma in section 60-513(a)(4), after concluding that a section 1981 action is indeed an "action for injuries to the rights of another." Id. The same problem arises under the limitations laws of Oklahoma and Wyoming because those states also distinguish between actions arising on contract and those for injury to the rights of another not arising on contract. See Okla.Stat. tit. 12, Sec. 95; Wyo.Stat. Sec. 1-3-105 (1977).
 
 
 19
 Colorado limitations law invites the very kind of probe into the manner in which rights were violated that the majority approach expressly rejects.
 
 
 20
 "Actions under federal statutes. All actions upon a liability created by a federal statute, other than for a forfeiture or penalty for which actions no period of limitations is provided in such statute, shall be commenced within two years or the period specified for comparable actions arising under Colorado law, whichever is longer, after the cause of action accrues."
 
 
 21
 Colo.Rev.Stat. Sec. 13-80-106 (emphasis added). However, unlike Kansas, Oklahoma, and Wyoming, Colorado does not have a law governing actions for injury to the rights of another. The Colorado limitations statutes other than section 13-80-106 consist essentially of a laundry list of common law actions, actions created by state statutes, and a residual limitation provision. Thus under Colorado law, the claim underlying the section 1981 cause of action must necessarily be examined to see if it is analogous to a comparable action arising under state law. The court in Zuniga undertook exactly this inquiry and concluded that the claim underlying the section 1981 cause of action was comparable to either a suit under Colorado law for tortious interference with one's right to pursue employment, or a suit for breach of contract. Presumably, if comparable statutes had not been found, the court would have applied section 13-80-106, which governs liability created by federal statute.
 
 
 22
 The limitations laws of Utah and New Mexico do not contain a provision equivalent to the Kansas statute governing actions for injury to the rights of another. Under Utah law, one provision applies to "an action upon a contract, obligation or liability not founded upon an instrument," Utah Code Ann. Sec. 78-12-25 (1977), and another applies to actions "for liability created by the statutes of a foreign state," id. Sec. 78-12-29. In New Mexico, one provision governs actions founded on unwritten contracts and all other actions not otherwise provided for, N.M.Stat.Ann. Sec. 37-1-4 (1978), while another governs actions "for an injury to the person," id. Sec. 37-1-8. See Runyon v. McCrary, 427 U.S. at 180, 96 S.Ct. at 2599 (applying Virginia statute governing actions "for personal injuries" and approving interpretation that such statute was not limited to physical injuries).
 
 
 23
 It is apparent that this court must adopt a consistent analytical framework for choosing the most analogous state limitations law applicable to actions under sections 1981, 1983, and 1985. However, in view of the diversity of state statutory limitations schemes, consistent application of one approach may well result in different limitation periods governing factually similar claims in different states. Nonetheless, lack of uniformity in the length of the limitations period applied to federal civil rights claims does not "warrant the displacement of state statutes of limitations for civil rights actions." Tomanio, 446 U.S. at 489, 100 S.Ct. at 1797.
 
 
 24
 The approach used in Zuniga and Shah is controlling on this issue absent an en banc reconsideration of the matter. The holdings in those cases compel at least the conclusion that Garcia's claim may be viewed as either an action for injuries to the rights of another not arising on contract under section 60-513(a)(4), or an action upon a liability created by statute under section 60-512(2). Accordingly, under the rationale applied in Shah, the longer statute should be applied.
 
 
 
 *
 Of the United States Court of Customs and Patent Appeals, sitting by designation
 
 
 [1]
 Zuniga found support for such an approach directly from the express language in Colo.Rev.Stat. Sec. 13-80-106; Shah found support in policy goals