Earnest Edmond **ABBITT,**
Plaintiff-Appellant,

v.

Carl **FRANKLIN,** John Riley, and two unknown policemen, designated herein as Richard Roe and John Doe, Defendants-Appellees.

No. 82–1695.

United States Court of Appeals,
Tenth Circuit.

March 30, 1984.

Jeffrey Chase, Denver, Colo. (Malcolm S. Mead, Denver, Colo., with him on the brief) of Holme Roberts & Owen, Denver, Colo., for plaintiff-appellant.

Richard E. Mahoney, Asst. Municipal Counselor, Oklahoma City, Okl. (Walter M. Powell, Municipal Counselor, and Ronald T. McLain, Legal Intern., Oklahoma City, Okl., with him on the brief), for defendants-appellees.

Before SETH, Chief Judge, and HOLLOWAY, McWILLIAMS, BARRETT, DOYLE, McKAY, LOGAN and SEYMOUR, Circuit Judges.

SEYMOUR, Circuit Judge.

Earnest Abbitt brought this pro se [1] civil rights action under 42 U.S.C. § 1983 (1976) against Oklahoma City policemen Carl Franklin and John Riley, and two unknown members of the Oklahoma City Police Department. Abbitt alleged that defendants used unnecessary force to arrest him and assaulted him while he was in custody following the arrest. In their answer, defendants raised the statute of limitations as a defense. The district court sua sponte dismissed the action on the pleadings without notice, concluding that the suit was barred by the applicable Oklahoma statute of limitations. We reverse.

Abbitt alleged that the acts giving rise to his claims occurred "[o]n January 4, 1980, between 8 and 12 P.M." Rec., vol. I, at 4. This suit was filed on March 5, 1982, more than two years but less than three years later. In holding that Abbitt's suit was time-barred, the district court applied the two-year limitations period provided by Okla.Stat. tit. 12 § 95 (Third) (1981), which governs "an action for injury to the rights

---

**1.** Abbitt is represented by appointed counsel on appeal.

of another, not arising on contract, and not hereinafter enumerated." On appeal, Abbitt argues that, under the prior decisions of this court, the district judge should have applied the three-year statute applicable to an action on a liability created by statute. *See id.* § 95 (Second).

■ Because Congress has not enacted a statute of limitations expressly applicable to section 1983 claims, the courts must adopt the most analogous limitations period provided by state law. *See* 42 U.S.C. § 1988 (1976); *Board of Regents v. Tomanio,* 446 U.S. 478, 483–84, 100 S.Ct. 1790, 1794–95, 64 L.Ed.2d 440 (1980). In *Garcia v. Wilson,* 731 F.2d 640 (10th Cir.1984) (en banc), decided this date, we considered the method by which an appropriate state statute is to be selected for section 1983 claims. We concluded as a matter of federal law that all section 1983 claims should be characterized as actions for injury to personal rights. *See id.* at 650–651. Under our analysis in *Garcia,* the most analogous Oklahoma statute is clearly the two-year limitations period for an injury to the rights of another applied by the district court. Abbitt's suit is therefore barred unless we determine that the rationale set out in *Garcia* should not be retroactively applied in this case.

■ Three factors are relevant to the nonretroactive application of judicial decisions.

"First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied ... or by deciding an issue of first impression whose resolution was not clearly foreshadowed .... Second, it has been stressed that 'we must ... weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation.' ... Finally, we have weighed the inequity imposed by retroactive application, for '[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the "injustice or hardship" by a holding of nonretroactivity.' "

*Chevron Oil Co. v. Huson,* 404 U.S. 97, 106–07, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971) (citations omitted).

■ Under the *Chevron* analysis, retroactivity is appropriate unless our decision in *Garcia* overruled past precedent on which the parties may have relied. We considered the retroactive application of *Garcia* in *Jackson v. City of Bloomfield,* 731 F.2d 652, No. 83–1019 (10th Cir.1984), also filed this day. In *Jackson* we held that "our decision in *Garcia* makes a clear break with prior decisions of this court." *Id.* at 654. That conclusion is fully applicable to the instant case.

In *Shah v. Halliburton Co.,* 627 F.2d 1055 (10th Cir.1980), we concluded that when a substantial question exists over which of two arguably appropriate statutes of limitations apply to a civil rights claim, the court should apply the longer one as a matter of policy. *Id.* at 1059. Although *Shah* involved a claim brought under 42 U.S.C. § 1981 (1976), the same rationale has been applied by this court in a case brought pursuant to section 1983. *See Brogan v. Wiggins School District,* 588 F.2d 409, 412 (10th Cir.1978). We also recognized in *Shah* that a federal civil rights claim "can clearly be construed as one based upon a liability created by statute." 627 F.2d at 1059. Moreover, in *Spiegel v. School District No. 1,* 600 F.2d 264 (10th Cir.1979), we approved application of a state statute of limitations for "actions upon a liability created by a federal statute" to a claim brought under section 1983. *Id.* at 265–66. Thus our prior cases do provide precedent supporting Abbitt's assertion on appeal that his section 1983 claim was timely under the law applicable when the suit was filed.

The second step in the *Chevron* analysis is to determine whether the purposes of the new rule will be furthered or retarded by retroactive application. In this case, as in *Jackson,* we cannot say that retroactive application barring Abbitt's claim at this point in the litigation would either hamper or promote the goals we set out in *Garcia. See Jackson,* 731 F.2d at 655.

Finally, we must consider whether retroactivity would impose substantial inequity. We believe that it would under the circumstances of this case. At the time this suit was filed, *Spiegel* and *Shah* constituted authority that a state limitations period for actions on a liability created by statute is applicable to a section 1983 claim. Moreover, *Brogan* and *Shah* clearly held that a court should apply the longer of two arguably applicable state statutes. Abbitt justifiably could have relied on those cases in concluding that his suit was timely. However, he was precluded from arguing below that those cases governed the disposition of the timeliness issue because the district court dismissed his claim sua sponte without notice.

We conclude that the *Garcia* approach should not be retroactively applied to bar Abbitt's claim under the circumstances of this case. Even assuming that retroactivity might further the concerns addressed in *Garcia,* this factor is greatly outweighed by the substantial inequity that would result. It cannot be said that Abbitt slept on his rights when his action was timely under the law in effect at the time.

The judgment is reversed and remanded.