**Joyce L. CAMERON,
Plaintiff-Appellant,**

v.

**UNITED STATES TRUST COMPANY OF NEW YORK, Defendant-Appellee.**

**No. 675, Docket 84–7515.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 31, 1985.

Decided Feb. 1, 1985.

Joyce L. Cameron, pro se.

Jeffrey L. Liddle, New York City (David D. Howe, Liddle & O'Connor, New York City, on brief), for defendant-appellee.

Before NEWMAN, KEARSE and PRATT, Circuit Judges.

PER CURIAM:

The sole issue on this appeal from a judgment of the District Court for the Southern District of New York (Abraham D. Sofaer, Judge), dismissing as time-barred a complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (1982), is whether a cause of action for wrongful discharge accrues on the date of the discharge or the date when post-employment severance payments ceased.

We agree with all of the other circuits that have considered the question that the cause of action accrues on the date of discharge. *Shah v. Halliburton Co.,* 627 F.2d 1055, 1056–57 (10th Cir.1980); *Krzyzewski v. Metropolitan Government,* 584 F.2d 802, 804–06 (6th Cir.1978); *Greene v. Carter Carburetor Co.,* 532 F.2d 125, 126 (8th Cir.1976); *cf. Bonham v. Dresser Industries, Inc.,* 569 F.2d 187, 191 (3d Cir.) (cause of action for wrongful discharge under Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (1982)), *cert. denied,* 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978). Appellant's administrative complaint was not filed within the pertinent 300-day period specified in 42 U.S.C. § 2000e–5(e).

The judgment of the District Court is affirmed.