**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**UNITED INSURANCE COMPANY OF AMERICA, Defendant.**

Civ. A. No. J86–0026(L).

United States District Court,
S.D. Mississippi,
Jackson Division.

Oct. 13, 1986.

Jerome C. Rose, W.L. Williams, Jr., Eugene Fuguay, Sr., Debra Hawes, Birmingham, Ala., for plaintiff.

Tom Suttle, Jr., Michelle Stapleton, Jackson, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on motion of defendant United Insurance Company of America (United) to strike seven of the ten members of the "affected class" as named by the Equal Employment Opportunity Commission (EEOC) in its response to United's motion for more definite statement. The basis for the motion to strike the seven individuals is their failure to file a charge with the EEOC within the 180-day limitation period provided by 42 U.S.C. § 2000e-5(e). After considering the briefs submitted by both the EEOC and United, this court is of the opinion that United's motion to strike should be granted.

The charge giving rise to this permissive intervention suit was filed by Dorothy Gilmer on October 6, 1983. Title VII requires that a victim of discrimination file a charge with the EEOC within 180 days after the "alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e). Since the charge was filed October 6, 1983, the alleged discriminatory practice must have occurred on or after April 9, 1983. The seven persons who are the subject of United's motion all left United's employment prior to April 1, 1983. Thus, none of the seven have filed a timely charge if the date of discharge is synonymous with the date of the last alleged discriminatory practice.

■ Federal courts have consistently held in cases where a former employee brings suit under Title VII, after having filed a charge, that the last possible date for an alleged unlawful employment practice is the last day of employment. *See, e.g., Laffey v. Northwest Airlines,* 567 F.2d 429, 472 (D.C.Cir.1976). Consequently, the 180-day limitation period begins to run from the date that the employment relationship is terminated.

The rule that former employees cannot maintain a suit in district court without having filed a charge within 180 days of termination of employment is followed in several circuits. For example, in *Wetzel v. Liberty Mutual Insurance Co.,* 508 F.2d 239, 246 (3d Cir.), *cert. denied,* 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975), the defendant insurance company had two classes of employees performing substantially similar work, one predominantly male and the other predominantly female. The predominantly female class was subject to lower starting pay and fewer opportunities for advancement, much as is alleged to be the situation of the black plaintiffs in the case before this court. *Id.* at 243. The crucial question in *Wetzel* was whether there was a certifiable class under Federal Rule of Civil Procedure 23. Although the Third Circuit did uphold the district court's certification of the class, it rejected the named plaintiffs' attempt to represent persons who "could not have filed a charge with the EEOC at the time that they [plaintiffs] filed their charges." *Id.* at 246. Those who left the employ of the defendant prior to commencement of the limitation period and never filed charges themselves could not be members of the plaintiff class. However, the class filing by the named plaintiffs was sufficient for those still employed by the defendant who could have filed individually.

The Court of Appeals for the District of Columbia has distinguished the cases where timely filing by one member of a plaintiff class will satisfy the filing requirement for all members of that class. *See Laffey v. Northwest Airlines, Inc.,* 567 F.2d 429 (D.C.Cir.1976), *cert. denied,* 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978). The court characterized as settled the rule that filing by one of the named plaintiffs is sufficient to allow all class

members to share in the recovery for back pay; however, the court emphasized:

> That filing, it seems clear, however, cannot revive claims which are no longer viable at the time of the filing. Any other result would produce an anomaly. Time-barred members could not press their claims individually either before the Commission or judicial tribunals; and surely the employer's liability to them cannot be made to depend upon whether they come into court in a different character. True it is that class actions are liberally permitted in the federal courts, but that procedural device cannot be used to expand substantive rights. Not surprisingly, then, courts which have considered the question directly have uniformly held that only those employees who could have filed charges with the Commission individually when the class filing was made are properly members of the litigating class.

*Laffey,* 567 F.2d at 472. Although the court found that continuing violations applied in *Laffey* and that filing was timely as to all employees who could have filed when the named plaintiffs did so, the continuing violations theory was held to be inapplicable to those who left the company's employ more than 90 days [1] prior to the class filing with the EEOC. *Id.* at 473. Severing of the employment relationship ordinarily terminates discrimination against the severed employee and activates the time period for filing charges concerning any violation which occurred at termination of employment or may have been continuing up to that date. *Id.*

Though the case at bar is not subject to Rule 23 requirements since it is brought by the EEOC, *General Telephone v. EEOC,* 446 U.S. 318, 325–26, 100 S.Ct. 1698, 1703–04, 64 L.Ed.2d 319 (1980), *Wetzel* and *Laffey* are consistent with other non-class action cases which preclude Title VII actions by former employees who did not file charges with the EEOC within 180 days of their departure. The Tenth Circuit relied on the same rule in a suit by an individual plaintiff who did not file an EEOC charge

within 180 days of his firing. *See Shah v. Halliburton Co.,* 627 F.2d 1055, 1056 (10th Cir.1980). Because the plaintiff offered no evidence of unlawful employment practices occurring after his discharge, "the discharge must be treated as the last alleged discriminatory practice." *Id.*

Some litigants, barred by failure to file a timely charge, have argued that termination of employment through either discharge or resignation is a continuing violation and therefore an exception to the 180-day rule, but this approach has not found favor with the courts. *See Olson v. Rembrandt Printing Co.,* 511 F.2d 1228, 1233–34 (8th Cir.1975) (continuing violations theory available to employees or those on lay-off but not applicable to former employees); *Terry v. Bridgeport Brass Co.,* 519 F.2d 806, 808 (7th Cir.1975) (follows *Olson*). In a similar vein, courts have refused to apply continuing violations even where the employee has left and later reapplied to the same employer. *See Burnam v. Amoco Container Co.,* 755 F.2d 893, 894 (11th Cir.1985); *Gifford v. Atchison Topeka and Santa Fe Railway Co.,* 685 F.2d 1149, 1153 (9th Cir.1982). *Burnam* involved a suit under the Age Discrimination and Employment Act (ADEA), 29 U.S.C. § 621 *et seq.,* which provides for the same charge filing requirements as Title VII. The plaintiff argued that Amoco's refusal to rehire her constituted a continuing violation of the ADEA. The court held "a failure to rehire subsequent to an alleged discriminatory firing, absent a new and discrete act of discrimination in the refusal to rehire itself, cannot resurrect the old discriminatory act." *Id.* at 894.

■ The EEOC relies on the rule noted in *Laffey* and recognized by the Fifth Circuit in the cases cited below, that in Title VII class actions it is not necessary that every member of the class file an EEOC charge; it suffices for one named plaintiff to do so. While this rule is correct as a general proposition, it is inapplicable to the facts of this case. The cases cited by the EEOC, particularly *Crawford v. United States Steel Corp.,* 660 F.2d 663 (5th Cir.

---

1. Prior to the 1972 amendments to Title VII, the charge filing period was 90 days.

1981), and *Oatis v. Crown Zellerback Corp.*, 398 F.2d 496 (5th Cir.1968), do not address the issue before this court pertaining to former employees and the 180–day limitation. As discussed above, the *Laffey* court did address the issue and specifically declined to apply that rule to former employees. As stated in *Laffey*, the primary reason for the exception for class actions is that one filing meets the purposes of the notice and conciliation requirements. *Laffey*, 567 F.2d at 472. The facts of this case militate against applying the single filing rule since notice as to employees who had left United as early as August of 1981 cannot be satisfied by Gilmer's 1983 charge. The rationale for the exception does not support the application of it here.

■ The gist of the next argument made by the EEOC is that it is a specially favored litigant which is excused from the procedural requirements of Title VII. Though the Supreme Court has given the EEOC more leeway in enforcement actions than private litigants, a careful analysis of the relevant cases reveals that the EEOC is excused only from procedural rules that do not affect substantive rights. In *General Telephone v. EEOC*, 446 U.S. 318, 325–26, 100 S.Ct. 1698, 1703–04, 64 L.Ed.2d 319 (1980), the Supreme Court held that EEOC enforcement actions under Title VII were not subject to Rule 23 class action certification. In an earlier case, the Court found that the EEOC, unlike private plaintiffs, could not be required to file a district court action within 180 days of the filing of the charge with the EEOC. *Occidental Life Insurance Co. v. EEOC*, 432 U.S. 355, 366, 97 S.Ct. 2447, 2454, 53 L.Ed.2d 402 (1977). The Supreme Court appears to endorse the favored litigant status enjoyed by the EEOC, since the Court has rejected arguments that the same restrictions should be eased for private plaintiffs. *See General Telephone of the Southwest v. Falcon*, 457 U.S. 147, 157, 102 S.Ct. 2364, 2370, 72 L.Ed.2d 740 (1982).

■ In *General Telephone*, the Court articulated the issue before it as "whether an action, however it is styled, brought by a government agency to enforce the feder-al law with whose enforcement the agency is charged is subject to the requirements of Rule 23." *General Telephone Company*, 446 U.S. at 323 n. 5, 100 S.Ct. at 1703 n. 5. Throughout the opinion, the Court contrasted Rule 23 procedure with the statutory empowerment which enables the EEOC to bring suits, and spoke in terms of *choosing* the *applicable procedure.* This court is of the opinion that *General Telephone* is most properly read as a determination that Congress did not intend for the EEOC's enforcement power under Title VII to be inhibited by the procedural requirements of Rule 23. In the case before this court, waiving the charge requirement would affect substantive rights. Excusing the requirement of filing for these former employees would have the anomalous result of reviving claims which would otherwise be barred if brought as individual suits. There is no support in *General Telephone* for the proposition that the EEOC has unique authority to seek relief for otherwise stale claims.

■ The final argument offered by the EEOC is that the continuing violations theory precludes striking seven of the ten members of the affected class. As noted above, the continuing violations theory has not been applied in cases of former employees, but in this case the EEOC does not appear to be arguing that the discharge itself is a continuing violation. In its complaint, and its response to the motion for a more definite statement, the EEOC alleges that United's system of classifying employees constitutes a system of discrimination and that system is a continuing violation. Nonetheless, continuing violations based on a system of discrimination do not permit challenges to presently maintained employment practices by employees who left a defendant's employ prior to commencement of the charge filing period. *See Olson v. Rembrandt Printing Co.*, 511 F.2d 1228, 1234 (8th Cir.1975).

■ Moreover, the continuing violations theory is properly applicable only to include earlier claims for individuals, not to add new parties. *See Berry v. Board of Supervisors of LSU*, 715 F.2d 971 (5th Cir.

1983). The Fifth Circuit recently noted that use of continuing violations "relieves *a plaintiff* who makes such a claim from the burden of proving that the entire violation occurred within the actionable period." *Id.* at 979 (emphasis supplied). Nothing in *Berry* indicates that the Fifth Circuit would use continuing violations for anything other than acts of discrimination against one plaintiff. This court concludes that the EEOC's argument that the continuing violations theory should be applied to include new litigants is without support.

Accordingly, this court is of the opinion that United's motion to strike should be granted and it is so ordered.