Leslie R. **DERSTEIN**, Plaintiff-Appellee,

v.

Marjorie **VAN BUREN**, Page W. Benson, J. Patrick Brazil, John M. Jaworsky, Steven Seyb, Herbert W. Walton, Kay Falley, and Jess L. Danner, Defendants-Appellants.

No. 86–2631.

United States Court of Appeals, Tenth Circuit.

Sept. 14, 1987.

Carl A. Gallagher, Asst. Atty. Gen. (Robert T. Stephan, Atty. Gen., with him on the brief), Topeka, Kan., for defendants-appellants.

Brian G. Grace (Terry L. Unruh, with him on the brief), Wichita, Kan., for plaintiff-appellee.

Before McKAY and McWILLIAMS, Circuit Judges, and BOHANON, Senior District Judge.[*]

McWILLIAMS, Circuit Judge.

Dates are important. On April 17, 1984, Leslie R. Derstein filed an action in the United States District Court for the District of Kansas against the State of Kansas, Marjorie Van Buren, Personnel Officer of the Kansas Judicial Branch, and various judges and administrators of the Thirteenth Judicial District of the Kansas State Courts, along with several other state judges who were members of an Appeal Board. The gravamen of Derstein's complaint was that on May 17, 1981, the defendants unlawfully terminated his employment with the Butler County (Kansas) Court System. Count one of the complaint was based on 42 U.S.C. § 1983, and Derstein alleged therein that the defendants, acting under the color of state law, deprived him of rights and privileges guaranteed by the Constitution. Count two set forth a pendant claim based on an alleged breach by the defendants of Derstein's employment contract with the state.

The defendants filed a motion to dismiss based, in part, on a Kansas statute of limitations which defendants claimed barred the action. On March 13, 1985, the district court, in an unpublished opinion and order, denied defendants' motion to dismiss, holding that *Garcia v. Wilson,* 731 F.2d 640 (10th Cir.1984), *aff'd* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), "shall not be applied to the instant case...." In accord with 28 U.S.C. § 1292(b), the district court, on June 3, 1985, in a Memorandum and Order certified the following question for immediate interlocutory appeal:

> Whether the three-year statute of limitations of *Shah v. Halliburton,* 627 F.2d 1055, 1059 (10th Cir.1980), may apply to actions accruing before but filed after the March 30, 1984, *Garcia* decision....

On June 12, 1985, the defendants asked this court to permit such appeal, and on October 20, 1986, this court granted defendants' request. See 28 U.S.C. § 1292(b).

As stated, the district court declined to apply the rule of *Garcia* to the instant case. In *Garcia,* this court, sitting en banc, held that regardless of the "discrete facts" in a given case, every claim under 42 U.S.C. § 1983 is a claim "for injury to personal rights." *Garcia* arose out of New Mexico, and we held that, under New Mexico law, the appropriate statute of limitations is N.M.Stat.Ann. § 37–1–8 (1978). That statute provides that "[a]ctions must be brought ... for injuries to the person or

* Honorable Luther L. Bohanon of the United States District Court for the Northern, Eastern and Western Districts of Oklahoma, sitting by designation.

reputation of any person within three years." In so doing, we rejected the defendants' position that the applicable statute of limitations was a two-year statute contained in the New Mexico Torts Claims Act. N.M.Stat.Ann. § 41–4–15(A) (1978). Recognizing that our prior decisions on this particular matter took a different approach, we said, in *Garcia*, that "[t]o the extent that our prior decisions are inconsistent with the analysis we adopt today, they are overruled."

In a companion case, also arising out of New Mexico and announced the same day as *Garcia*, we held that the rule of *Garcia* would not be applied to an action filed before *Garcia* where such action was timely filed "under the law in effect at the time their suit was commenced," even though under the *Garcia* rule it would not be a timely filing. *Jackson v. Bloomfield*, 731 F.2d 652 (10th Cir.1984).

The present case arises out of Kansas. In Kansas, actions for injuries to personal rights not arising out of contract must be brought within two years from the time the cause of action accrued. K.S.A. § 60–513(a)(4). Notwithstanding the "not arising out of contract" language appearing in § 60–513(a)(4), we have held that, under Kansas law, this two-year statute is the "most appropriate limitations period" for a § 1983 proceeding. *Pike v. City of Mission, Kans.*, 731 F.2d 655 (10th Cir.1984). However, Kansas has a three-year statute of limitations for actions arising out of contract. K.S.A. § 60–512. So, if *Garcia* applies to the instant case, Derstein had two years from May 17, 1981, within which to commence his action, which he did not. However, if *Garcia* does not apply, Derstein, under our prior decisions, had three years from May 17, 1981, within which to file his action, which he did. See, for example, *Shah v. Halliburton*, 627 F.2d 1055 (10th Cir.1980) and *Zuniga v. AMFAC Foods, Inc.*, 580 F.2d 380 (10th Cir.1978). Specifically, Derstein filed his action two years and eleven months after his cause of action accrued. And such points up our problem. Should *Garcia* be applied to an action filed after *Garcia* (the action in *Jackson* was filed before *Garcia*) where

the cause of action, however, accrued within the three-year period preceding the filing date? Applying the rationale of *Jackson*, we decline to apply *Garcia* to the instant case.

At the outset, we reject the suggestion that *Jackson* mandates that *Garcia* be applied to every § 1983 proceeding filed after *Garcia*. We recognize, however, the general rule that federal cases should be decided in accordance with law existing at the time of the decision. See, e.g., *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 486, n. 16, 101 S.Ct. 2870, 2879 n. 16, 69 L.Ed.2d 784 (1981). At the same time, *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971) counsels against any retroactive application of statutes of limitations in certain circumstances. *Goodman v. Lukens Steel Co.*, — U.S. —, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987) and *Saint Francis College, et al. v. Al-Khazraji*, — U.S. —, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987). Whether a judicially created rule of law which breaks with precedent should be applied retroactively is generally decided on a case-by-case basis.

*Chevron* sets forth three factors to be considered in dealing with the question of retroactive application vis-a-vis nonretroactive application. The first factor is whether the decision whose application is under consideration establishes a new principle of law, either by overruling clear past precedent on which litigants have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed. The second factor involves a weighing of "the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." The third factor involves a determination as to whether application of the new rule would produce substantial inequitable results. *Chevron*, supra at 106–07, 92 S.Ct. at 355–56.

Our consideration of the factors enumerated in *Chevron* leads us to conclude that the district court did not err in declining to apply *Garcia* to the instant case. For a

discussion of *Chevron,* see our opinion in *Jackson.* Under such cases as *Shah v. Halliburton,* 627 F.2d 1055 (10th Cir.1980) and *Zuniga v. AMFAC Foods, Inc.,* 580 F.2d 380 (10th Cir.1978), Derstein had three years from May 17, 198*1,* within which to file his action, which would give him until May 17, 1984, to file. However, on March 30, 1984, this court, sitting en banc, ruled, in *Garcia,* that every § 1983 claim was a claim "for injury to personal rights," which, under Kansas law, carries a two-year statute of limitations. So before *Garcia,* Derstein had three years within which to file his action, and after *Garcia,* Derstein's action had to have been filed within two years of its accrual. We regard *Garcia* to be a "clean break" with "past precedent." **

We also believe the second and third factors enumerated in *Chevron* are met. Certainly it is inequitable, in our view, to apply a two-year statute of limitations to Derstein's claim. On March 29, 1984, Derstein, under our prior decisions, had three years from May 17, 198*1,* to commence his action. On March 30, 1984, the date of our decision in *Garcia,* this court, in effect, informed Derstein that he had only two years to commence his suit. The rub is that two years from May 17, 198*1* had already expired. Faced with this dilemma, Derstein promptly filed the present suit on April 17, 1984, some eighteen days after our *Garcia* decision.

---

** *Garcia v. University of Kansas,* 702 F.2d 849 (10th Cir.1983) is arguably inconsistent with *Zuniga* and *Shah,* as we noted in a footnote in *Jackson.* However, *Garcia v. University of Kansas* did not expressly, or, in our view, impliedly, overrule *Zuniga* or *Shah.* Indeed, under local court rule, one panel of this court cannot overrule a decision handed down by another panel of this court in an earlier case. It was this court, sitting en banc, in *Garcia* that overruled prior decisions of this court inconsistent with *Garcia.* On this basis, we regard *Garcia,* and not *Garcia v. University of Kansas,* as the case "overruling clear past precedent."