974 F.2d 1345
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joseph Angelo DISCESARE, Plaintiff-Appellant,
v.
Jess WALKER, Denver Davenport, David Hays, Chris Lundy,
Raymond Russell, Defendants-Appellees.
 No. 92-5099.
 United States Court of Appeals, Tenth Circuit.
 Sept. 4, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Joseph Angelo Dicesare appeals the district court's refusal to allow him to file a civil rights complaint in forma pauperis because that court found that the complaint was untimely and hence should be dismissed under 28 U.S.C. § 1915(d). I.R. tabs 2 and 5. The district court did grant leave to appeal to this court in forma pauperis. Id. tab 10.
 
 
 3
 On October 17, 1991, plaintiff presented to the district court his complaint alleging violations of 42 U.S.C. §§ 1981, 1982, 1983, 1985(2) and (3), and 1986 and various pendent state claims, along with his motion to proceed in forma pauperis. His complaint attempts to allege a conspiracy by defendants to steal plaintiff's cattle and cause the loss of his farm because of his Italian descent. Plaintiff has been convicted in an Oklahoma state court of larceny of a domestic animal after conviction of two felonies and has been sentenced to a twenty-five year term of imprisonment. That case apparently is still on appeal in the state court system. This suit is an attempt to hold liable the individuals whom plaintiff considers responsible for his prosecution in the state court. The defendants allegedly are a sheriff, deputy sheriffs, a temporary sheriff and a private citizen.
 
 
 4
 One of plaintiff's arguments is that the defendants' conspiracy continues to within two years of the filing of his complaint. All of the acts plaintiff complains of were completed no later than September 1, 1989, the date plaintiff was found guilty (following a jury trial) and sentenced in the state proceedings. We agree with the district court that the statute of limitations applicable to plaintiff's claims is two years under Oklahoma law, Abbitt v. Franklin, 731 F.2d 661, 663 (10th Cir.1984), and therefore is barred. Plaintiff also argues that these defendants are bound by statutory oaths to the state of Oklahoma, and because of that this is an action arising under a contract and not subject to the two year limitations period. This latter argument is specious.
 
 
 5
 The complaint states in one place that the alleged conspiracy is incomplete and plaintiff's brief argues that the conspiracy is still continuing. Nonetheless, the complaint alleges no facts which occurred within two years of October 17, 1991 and we find none in the record. Even if the complaint recites a conspiracy, presumably the conspiracy ended no later than the date larceny charges were partially refiled against plaintiff, April 12, 1989, also more than two years before October 17, 1991. None of the named defendants, even if they testified as witnesses at trial, are shown to have a role in the appeal of plaintiff's state conviction. Thus, we have no fact allegations in the complaint, and only general conspiracy claims in the briefs, to conclude that a conspiracy continues. Consequently, we must affirm the dismissal.
 
 
 6
 Our review of the record reveals procedural irregularities which deserve some comment. Plaintiff's complaint was never filed by the district court, although it was retained in the file. Instead, the magistrate recommended the complaint be dismissed (as time-barred) without accepting the complaint for filing pursuant to plaintiff's in forma pauperis motion. That recommendation was adopted by the district court. At that juncture, the case was dismissed but had not been filed. Plaintiff filed a notice of appeal on April 27, 1992. Thereafter the magistrate judge on May 18, 1992, entered an order nunc pro tunc, in an apparent effort to have this matter conform procedurally with Bennett v. Passic, 545 F.2d 1260, 1261 (10th Cir.1976), and our cases it follows. Those cases state that if the affidavit of poverty facially complies with 28 U.S.C. § 1915(a) the court should accept the complaint for filing and then dismiss under id. § 1915(d) if the complaint is frivolous or the affidavit of poverty is shown to be untrue. The complaint here was never filed-stamped and was not submitted to us as part of the record. Because the complaint had been retained at the district court and we were able to secure it for our review, we treat this appeal as if the district court substantially complied with Bennett, and we regard these procedural defects as harmless error.
 
 
 7
 AFFIRMED.
 
 
 8
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3