986 F.2d 1427
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joseph Angelo DiCESARE, Plaintiff-Appellant,
v.
David POPLIN; Carl Sloan; J.D. Baldridge; Denver
Davenport; and Russell Goodecke, Defendants-Appellees.
 No. 92-5212.
 United States Court of Appeals, Tenth Circuit.
 Feb. 3, 1993.
 
 Before LOGAN, JOHN P. MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(e); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This is an appeal from an order granting summary judgment on the ground the action was barred by the statute of limitations. We affirm.
 
 
 3
 Plaintiff, Joseph Angelo DiCesare, acting pro se, filed an action under 28 U.S.C. § 1983 alleging defendants violated rights guaranteed to him under the United States Constitution. His complaint is not the short, plain statement of the claim required by Rule 8 of the Federal Rules of Civil Procedure; therefore, it is difficult to understand what exactly Mr. DiCesare's suit is about. Liberally construing the confusion of legalisms, conclusory allegations, and facts which plaintiff strung together, however, we presume his first claim alleges a denial of his Fourth and Fourteenth Amendment Rights. Interspersed in a multitude of meaningless verbiage and unsupported conclusions is an assertion that defendants seized certain trucks belonging to plaintiff without a warrant.
 
 
 4
 Plaintiff set out a second claim, but it is as confusing as the first. Buried in another string of prolixity, however, is the assertion, "Defendant Poplin sold the Plaintiff's trucks without giving Plaintiff due process and equal protection and acted in collusion and in-concert [sic] with the other Defendants listed in this complaint and Defendant Poplin was the proximate cause of selling Plaintiff's trucks...."
 
 
 5
 The district court referred the complaint to a Magistrate Judge who construed it as a claim for damages under § 1983 for an illegal search and seizure. Because the magistrate found the seizure occurred more than two years prior to the filing of the action, he recommended dismissal, citing Abbitt v. Franklin, 731 F.2d 661, 663 (10th Cir.1984), and the Oklahoma two-year statute of limitations, Okla.Stat. tit. 12, § 95 (1981). Over plaintiff's subsequent objection, the district court agreed and dismissed.
 
 
 6
 Plaintiff appeals asserting, even though the seizure of which he complained placed his Fourth Amendment claim beyond the statute, the district court "sidestepped" his due process claim which had been timely filed. He contends his second claim for relief was a claim asserting his property was disposed of without proper notice. He further states he alleged the sale effecting the disposition was within the two-year statute.
 
 
 7
 We have examined the complaint with care. Except for the statement we have already quoted, we can find nothing within the second claim which can be remotely connected to the cause of action Mr. DiCesare now maintains he brought to the district court. There is no averment of the date on which the sale purportedly took place, and no averment that the defendants failed to give notice of the sale. Indeed, the only reference to a sale is that defendant Poplin sold the trucks. There is no description of where the sale took place, the manner in which it was conducted, or any other fact that apprises the reader plaintiff is asserting a claim grounded on failure of due process notice. In short, even though Mr. DiCesare may sincerely believe he did so, we can find nothing within the complaint to support that belief. Having reached this point, we need not deal with the other issues raised on appeal.
 
 
 8
 We conclude the district court properly dismissed the action as barred by the statute of limitations. We further hold the court did not ignore or "sidestep" a due process claim, for none was asserted.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3