5 F.3d 545
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Douglas COUPAR, Plaintiff-Appellant,
v.
Sam E. CRAVEN, Defendant-Appellee.
 No. 93-6135.
 United States Court of Appeals, Tenth Circuit.
 
 Before LOGAN, MOORE, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Sept. 23, 1993.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 Mr. Coupar, a federal inmate, filed a pro se Bivens type action against a federal corrections officer alleging the officer wrongfully transfered him between federal penal institutions in retaliation for various legal claims asserted by Mr. Coupar. The district court held the suit was barred by the applicable two-year statute of limitations and granted the Defendant's motion to dismiss. Mr. Coupar appeals.
 
 
 4
 The district court concluded an appeal would be frivolous and refused to grant Mr. Coupar permission to appeal in forma pauperis. We must necessarily address this question first; however, as the answer to this question requires us to address the merits, we grant permission to proceed in forma pauperis.
 
 
 5
 The district court adopted the United States Magistrate Judge's recommendation to grant Defendant's motion to dismiss. The Defendant had filed a motion to dismiss under Fed.R.Civ.P. 12(b) claiming that Mr. Coupar failed to file his action within the time allotted by the statute of limitations. The Magistrate Judge correctly treated the Defendant's motion to dismiss as a summary judgment as allowed for by Fed.R.Civ.P. 12(b). As a result of the type of motion made, we apply a de novo review on appeal.
 
 
 6
 Mr. Coupar filed his complaint on August 12, 1992, and he alleged the wrongful transfer occurred on June 19 and July 14, 1990. Mr. Coupar also acknowledges he mailed a letter to his Congressman prior to August 1990, complaining of the wrongful transfer.
 
 
 7
 All parties agree that a Bivens type action, like a 1983 action, is subject to the statute of limitations of the state where the action arose. See Wilson v. Garcia, 471 U.S. 261 (1985). Mr. Coupar's cause of action arose in Oklahoma, which applies a two-year statute of limitations. Okla. Stat. tit. 1295. Abbitt v. Franklin, 731 F.2d 661 (10th Cir.1984). Mr. Coupar's complaint is barred by this two-year statute of limitation.
 
 
 8
 On appeal, Mr. Coupar argues that while he suspected his prior prison transfer was wrongful, he did not know this to be a fact until he received a reply from his Congressman (which was dated August 7, 1990), and therefore his complaint was timely as he delivered his complaint to the prison officials for filing on August 2, 1992.
 
 
 9
 The basic facts belie Mr. Coupar's assertions. Mr. Coupar asserts to this court that when he was awakened on June 19, 1990 and informed of his transfer, "he felt the transfer was retaliatory."
 
 
 10
 Under applicable law, the statute of limitations begins to run when a plaintiff learns or should have learned of the factual basis of his suit. See Holmberg v. Armbrecht, 327 U.S. 392, 396-97 (1946). Mr. Coupar's letter to his Congressman in July 1990 requested an investigation of whether his prison transfer occurred because Mr. Coupar would not stop or withdraw his legal filings. The question is not when a plaintiff conclusively knew of the alleged wrong, but when he should have known. The record permits no finding other than Mr. Coupar should have known of the alleged wrong in July 1990. Mr. Coupar then knew he had been wronged, even though at that point it was his word against the prison officials.
 
 
 11
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3