Harold LIDDELL, Plaintiff/Appellant,

v.

The BOARD OF COMMISSIONERS OF THE COUNTY OF CLEVELAND ex rel. The BOARD OF EQUALIZATION OF THE COUNTY OF CLEVELAND, a Political Subdivision of the State of Oklahoma, and Denise Heavner, Cleveland County Assessor, in her official capacity, Defendants/Appellees.

No. 96,642.

Court of Civil Appeals of Oklahoma, Division No. 1.

Jan. 28, 2002.

Certiorari Denied April 9, 2002.

Fred Gipson and Charles L. Broadway, Norman, OK, for Plaintiff/Appellant.

Mike McDanel, Assistant District Attorney, Norman, OK, for Defendants/Appellees.

## OPINION

CARL B. JONES, Judge.

¶1 On July 15, 1994, Plaintiff/Appellant filed the instant action against Defendants/Appellees for declaratory judgment, injunctive relief and refund of excessive ad valorem taxes. Plaintiff is a long-time developer of commercial and residential property in Cleveland County. In early 1991, Plaintiff had some ownership interest in, among other properties, ten parcels of land which were the subjects of ad valorem tax protests in proceedings before the Cleveland County Assessor and/or the Cleveland County Equalization Board. Both before and during 1991, Plaintiff lodged several protests or complaints to the assessor (a predecessor of Defendant Heavner) that his properties were overvalued when compared to comparable properties of other taxpayers. The assessor promised that she would investigate Plaintiff's claims and either explain them or correct the over-valuations, but failed to do so. Of the numerous complaints made by Plaintiff to the assessor, Plaintiff filed protests or appeals to the Equalization Board in nine or ten instances.

¶2 In his proceedings before the assessor and/or the Equalization Board, Plaintiff was granted relief in some cases—including a reduction of approximately $1,000,000.00 in the valuation of one commercial property and a reduction of about $500,000.00 in the valuation of another property—and he was denied relief in others. From adverse decisions of the Board, Plaintiff filed appeals of three decisions to the District Court of Cleveland County in June of 1991. All three of those appeals were dismissed—at Plaintiff's request—on or about the date they were set for trial; two on February 20, 1992, and the third on July 6, 1992. Plaintiff never refiled those claims. By the end of 1994, Plaintiff had disposed of all the properties which were the subject of these complaints, protests and/or appeals.

¶3 In the instant proceeding, Plaintiff sought a declaratory judgment that would define the proper methods of valuation to be used by the assessor and an injunction prohibiting the assessor from applying a different method when valuing Plaintiff's current properties. Plaintiff also sought a refund of the overpayment of ad valorem taxes paid on his previously owned properties. The trial court granted Defendants' motion for summary judgment and Plaintiff appealed. The matter stands submitted without appellate briefs on the trial court record. *See* Rule 13(h), *Rules for District Courts*, 12 O.S. Supp.1993, Ch. 2, App. 1, and Rule 1.36, *Oklahoma Supreme Court Rules*, 12 O.S. Supp.1997, Ch. 15, App.[1]

¶4 We begin our analysis by concurring with the trial court's finding that Plaintiff likely would have prevailed on the merits of his case were it not for his failure to exhaust his administrative remedies and to avail himself of the clear, plain, speedy, and exclusive remedy provided by 68 O.S. § 2871 *et seq.* The record tends to support that the assessments about which Plaintiff complains were discriminatory: Plaintiff's properties appear to have been overvalued when compared to similar properties and the Assessor's Office apparently failed to use any of its stated accepted valuation methods in valuing Plaintiff's properties. In fact, the current assessor cannot determine what valuation method the previous assessor used, if any, to value Plaintiff's properties. The Assessor's Office also failed to employ its established procedures for evaluating complaints of overvaluation and evidently undertook no meaningful analysis of any of Plaintiff's complaints. We agree with the Defendants' observation, quoted in the trial court's order, that when Plaintiff "finally stepped up to the plate, he led off with a triple." Unfortunately for Plaintiff, the game was already over when he came to bat.

¶5 Section 2871 *et seq.* provides, and provided in 1991, a speedy, adequate and exclusive remedy at law for Plaintiff to seek relief in each of the instances of overvaluation

1. Plaintiff's Application for Leave to File Record on Accelerated Appeal and for Leave to Supplement Record, consideration of which was previously deferred by an August 24, 2001 order of the Supreme Court, is hereby granted. Defendant Heavner's deposition is included in the appellate record and was considered in this appeal.

herein cited. Section 2876(D) plainly prescribes the method for which an aggrieved taxpayer may seek property valuation relief from the county assessor. Sections 2876(F) and 2877 provide for appeals from an assessor's decision to the county board of equalization. Section 2880.1 provides for appeals from the board of equalization to the district court in a trial *de novo*, and provides for appeals from the latter tribunal to the Oklahoma Supreme Court. Of particular import here, 68 O.S. § 2885(A) states, in relevant part, "The proceedings before the county assessor, boards of equalization and appeals therefrom *shall be the sole method by which assessments or equalizations shall be corrected or taxes abated.*" (Emphasis added.) Plaintiff's decision to forego appealing any adverse decision of the County Equalization Board constituted a failure on his part to exhaust his administrative and legal remedies as to those claims. Similarly, Plaintiff's decision to dismiss the three appeals he filed in the district court also constituted a failure to exhaust administrative and legal remedies as to those three claims.

¶ 6 In *Muskogee Fair Haven Manor Phase I, Inc. v. Scott,* 1998 OK 26, 957 P.2d 107, the plaintiffs lodged a complaint to the county assessor challenging the assessor's refusal to recognize their property as exempt from ad valorem taxes. They then appealed the assessor's adverse decision to the county equalization board, which also ruled against them. Rather than appealing that decision to the district court pursuant to 68 O.S. § 2880.1 or § 2886(A), the plaintiffs filed a new action for declaratory relief in district court. The Supreme Court held that the trial court lacked subject matter jurisdiction to decide the case because plaintiffs failed to exhaust their administrative remedies. The Court reiterated:

> Indeed, Oklahoma's statutory procedure for seeking judicial relief from an illegal tax has, since its initial enactment in 1915,

been upheld as a plain, speedy, adequate, *and exclusive* remedy within the legislative power to prescribe.

*Muskogee Fair Haven Manor Phase I, Inc.,* at ¶ 17, 957 P.2d at 112–13 (emphasis in original; footnotes and citations omitted).[2]

 ¶ 7 We also hold that Plaintiff is not entitled to declaratory or injunctive relief in this action under 42 U.S.C. § 1983 for alleged due process violations. Generally, § 1983 provides a remedy for parties deprived of constitutional or statutory rights by the conduct of one acting under color of state law. In *National Private Truck Council, Inc. v. Okla. Tax Comm'n,* 515 U.S. 582, 115 S.Ct. 2351, 132 L.Ed.2d 509 (1995), the Court reiterated that, as long as a state provides a clear and certain remedy, "States are afforded great flexibility in satisfying the requirements of due process in the field of taxation." *Id.,* 515 U.S. at 587, 115 S.Ct. at 2354.

> In determining whether Congress has authorized state courts to issue injunctive and declaratory relief in state tax cases, we must interpret § 1983 in light of the strong background principle against federal interference with state taxation. Given this principle, we hold that § 1983 does not call for either federal or state courts to award injunctive and declaratory relief in state tax cases when an adequate remedy exists.

*Id.,* 515 U.S. at 589, 115 S.Ct. at 2355. State courts "must refrain from granting . . . relief under § 1983 when there is an adequate legal remedy." *Id.,* 515 U.S. at 592, 115 S.Ct. at 2357.

 ¶ 8 Even were we to find that Plaintiff could pursue his § 1983 claim in an action separate from his original tax protests, we would declare this action untimely. For limitations purposes, § 1983 claims are characterized as personal injury actions and are governed by state statutes of limitations. *Wilson v. Garcia,* 471 U.S. 261, 276, 105 S.Ct. 1938, 1947, 85 L.Ed.2d 254 (1985). Title 95

---

2. Section 2885(A) also provides, "Equitable remedies shall be resorted to only where the aggrieved party has no taxable property within the tax district of which complaint is made." As previously stated, Plaintiff had sold all of the property at issue by 1994. However, this provision is inapplicable here—in a suit initiated in

1994—because "a judge's powers in equity are not invocable when clear and adequate statutory remedies are available." *Muskogee Fair Haven Manor Phase I, Inc.,* at ¶ 12, 957 P.2d at 111. A clear and adequate remedy was available to Plaintiff each year his properties were assessed up to and including 1991.

O.S. Supp.1992 § 95(Third) (now § 95(3)) provided that personal injury actions in this state must be brought within two (2) years after the cause of action accrues. *See Abbitt v. Franklin*, 731 F.2d 661, 663 (10th Cir.1984) (applying two year limitation period of § 95(Third) to an Oklahoma § 1983 action). July 15, 1994, the date on which Plaintiff filed this action, came more than two years after Plaintiff knew, or should have known, that his properties were being comparatively overvalued.

¶ 9 In summary, Plaintiff had available to him, in 1991 and before, a plain and adequate remedy for each of the complaints made by him. His failure to avail himself of those remedies serves as a jurisdictional bar to the present action.

¶ 10 AFFIRMED.

JOPLIN, V.C.J., and BUETTNER, J., concur.