FILED
**United States Court of Appeals**
**Tenth Circuit**

**March 9, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LIONEL KERSH,

Plaintiff-Appellant,

v.

NEAL A. RICHARDSON,

Defendant-Appellee.

No. 11-1540
(D.C. No. 1:11-CV-01310-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE,** Chief Judge, **MCKAY** and **HOLMES**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore,

submitted without oral argument.

Appellant Lionel Kersh, a Colorado state prisoner proceeding pro se, filed an

action pursuant to 42 U.S.C. § 1983 in the United States District Court for the District of

Colorado. The district court granted him leave to proceed in forma pauperis (IFP). Kersh

named as the defendant the deputy district attorney who prosecuted him, Neal A.

---

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Richardson.

Kersh was convicted in state court of aggravated robbery, and he alleges that all of the money he was carrying after the robberies was confiscated upon his arrest. While acknowledging that some of the money came from the robberies, he maintains that he had over $850 of his own money on his person from employment checks and pawned items. In his § 1983 action, Kersh alleges that Richardson illegally confiscated this money.

Kersh's IFP status required the district court to evaluate his claim *sua sponte*. 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) provides that once a district court allows a plaintiff to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." The district court rejected his claim, holding that it was barred by the rule in Heck v. Humphrey, 512 U.S. 477, 486–87 (1994) (barring an action seeking damages that would necessarily imply the invalidity of a criminal conviction or sentence until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ),[1] and by Richardson's prosecutorial immunity. Kersh filed a notice of appeal, and the district court denied leave to proceed IFP pursuant to 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").

---

[1] We do not address the district court's application of the Heck v. Humphrey doctrine on appeal because we resolve the case on other grounds.

2

While our precedent is unsettled on the standard of review for a district court's decision to dismiss a complaint under § 1915(e)(2), compare Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999) (de novo review); McWilliams v. Colorado, 121 F.3d 573, 574–75 (10th Cir. 1997) (abuse of discretion), the standard of review is not determinative in this appeal because we would reach the same conclusions under either standard. When reviewing a decision to dismiss a complaint, we accept the complaint's allegations as true and view them in the light most favorable to the plaintiff. Perkins, 165 F.3d at 806.

Construing his appeal liberally, Kersh argues that the district court erred in dismissing his complaint and renews his application to proceed IFP. But Kersh repeats essentially the same arguments on appeal and offers no nonfrivolous legal arguments. He argues that the district court incorrectly determined that Richardson had prosecutorial immunity, but Kersh provides no support for this argument. We have held that "[i]t is well established that prosecutors are absolutely immune from suit under section 1983 concerning activities intimately associated with the judicial process, such as initiating and pursuing criminal prosecutions." Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484, 1480 (10th Cir. 1991) (internal quotation marks, alterations, and citations omitted). Moreover, "we and other courts have recognized that absolute immunity may attach even to . . . administrative or investigative activities when these functions are necessary so that a prosecutor may fulfill his function as an officer of the court." Id. at 1490 (internal quotation marks, alterations, and citations omitted). The principle of prosecutorial

3

immunity is well established.

Even if Richardson were not immune from suit, Kersh's complaint fails to allege with specificity Richardson's personal involvement in the asserted misconduct. Kersh's complaint does not allege that Richardson played any direct role in confiscating Kersh's property, or that he was even present when the alleged confiscation occurred. Absent such an allegation, the complaint against Richardson fails to state a claim on which relief may be granted. Brown v. Montoya, 662 F.3d 1152, 1163 (10th Cir. 2011) ("Personal liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") (internal quotation marks and citation omitted).

We AFFIRM the district court's dismissal of this suit, DENY Kersh's renewed application to proceed IFP because Kersh lacks a reasoned, nonfrivolous argument in support of the issues raised on appeal, DENY all other pending motions as moot, and

4

assess Mr. Kersh a second "strike" pursuant to 28 U.S.C. § 1915(g).[2]

Entered for the Court


Mary Beck Briscoe
Chief Judge

---

[2] Under 28 U.S.C. § 1915(g), a prisoner may not "bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." This is Kersh's second strike. After one more strike—that is, one more dismissal of an action or appeal on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted—Kersh will be prohibited from bringing civil actions or appeals IFP unless he is under imminent danger of serious physical injury.