**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 30, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHRISTOPHER CLEVELAND,

      Plaintiff-Appellant,

v.

ROGER STUART, RICHARD
KIRBY, in their official and personal
capacities as District Court Judges for
Oklahoma County; LORI DEWEY-
OLLER, in her official and personal
capacity as District Attorney for
Oklahoma County; WILLIAM
McKINNEY, TARA BONE,
RICHARD DIMONICO, JUHREE
BILBURY, in their official and
personal capacities as a Social
Workers for DHS; MARVIN SMITH,
in his official capacity as a Oklahoma
City Police Officer; MICHAEL
TAYLOR, ROBERT LABADIE,
EDDIE SOUTHARD, in their official
capacities as a Sergeants with
Oklahoma City Police Department,

      Defendants-Appellees.

No. 14-6016
(D.C. No. 5:13-CV-01054-C)
(W.D. of Okla.)

**ORDER AND JUDGMENT**[*]

---

    [*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.[**]

Christopher Cleveland, a state prisoner appearing *pro se*, appeals the district court's decision to dismiss his civil rights case for failure to state a claim and its finding that his appeal is frivolous. We have jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

## I.  Background

Mr. Cleveland is a prisoner of the State of Oklahoma and a veteran filer in the federal court system. In this case, Mr. Cleveland and his wife, Huyen Cleveland (who has not joined the appeal), filed a complaint in the district court, claiming that several individuals, including two state judges, violated their constitutional rights pursuant to 42 U.S.C. § 1983. The alleged violations relate to a series of events surrounding the Oklahoma Department of Human Services' decision to terminate the Clevelands' parental rights over their minor children. Because the Clevelands sought to proceed *in forma pauperis* (IFP) below, the district court analyzed the complaint under 28 U.S.C. § 1915 and dismissed it for failure to state claim on which relief could be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

[**]  After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

## II.  Analysis

We review de novo[1] the district court's decision to dismiss the Clevelands' complaint for failure to state a claim.  *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).  In doing so, "we look to the specific allegations in the complaint to determine whether they plausibly support a claim for relief."  *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (internal quotation marks omitted).  After thoroughly reviewing the Clevelands' complaint, the record, and Mr. Cleveland's appellate brief—and construing the pleadings liberally, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)—we agree with the conclusion of the district court: Mr. Cleveland offers no plausible basis for relief.

As the district court explained, the Clevelands' complaint is flawed for at least three different reasons.  First, the § 1983 claim is untimely under applicable state law[2] because the allegations arise from events taking place a minimum of four years before the complaint was filed.  *See Trujillo v. Williams*, 465 F.3d

---

[1]  We recognize that our precedent does not definitively dictate the appropriate standard of review—abuse of discretion or de novo—for a district court's dismissal of a complaint under § 1915(e)(2).  *Kersh v. Richardson*, 466 F. App'x 718, 719 (10th Cir. 2012) (comparing cases).  Because either standard yields the same conclusion in this case, we review the district court's decision de novo.

[2]  Section 1983 borrows the applicable state limitations period.  *Bedford v. Rivers*, 176 F.3d 488 (10th Cir. 1999).  In Oklahoma, civil rights actions sounding in tort are governed by a two-year statute of limitations.  *Liddell v. Bd. of Comm'rs of Cnty. of Cleveland ex rel. Bd. of Equalization of Cnty. of Cleveland*, 46 P.3d 715, 717 (Okla. Civ. App. 2002).

1210, 1217 (10th Cir. 2006) (finding that a district court can *sua sponte* dismiss a case under § 1915 based on an affirmative defense where the defense is obvious on the face of the complaint).

Second, the federal courts lack jurisdiction over the Clevelands' claims because they constitute a collateral attack on the child termination proceedings from state court. Under the *Rooker-Feldman* doctrine, federal courts are prohibited from "exercising jurisdiction over cases brought by state-court losers challenging state court judgments rendered before the district court proceedings commenced." *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (citation and quotation marks omitted).

Finally, absolute judicial immunity bars the Clevelands' claims against the state judicial defendants. *Stein v. Disciplinary Bd.*, 520 F.3d 1183, 1196 (10th Cir. 2008).

On appeal, Mr. Cleveland does not address the district court's myriad reasons for dismissal—reasons that we find dispositive. Instead, he provides a lengthy statement condemning the actions and practices of the defendants in this case and criticizes the district court for overlooking the purported injustice. In his failure to adequately respond to the district court's reasoning for dismissal, he has not shown "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). Thus, even assuming Mr. Cleveland's facts to be

true, the allegations lack the factual support necessary to state a claim under § 1983.  The district court did not err in dismissing the Clevelands' complaint.

In addition, because we find the Clevelands' complaint to be baseless, we impose a strike on Mr. Cleveland under the Prison Litigation Reform Act (PLRA). 28 U.S.C. § 1915(g); *Jennings v. Natrona Cnty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999).  This strike, Mr. Cleveland's first, will materialize upon completion of the appellate process.  *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1175 (10th Cir. 2011).  Furthermore, due to the frivolity of Mr. Cleveland's appeal, we impose a second strike under the PLRA.  *Jennings*, 175 F.3d at 780.  We also deny his request to proceed IFP on appeal and direct Mr. Cleveland to make full and immediate payment of the balance of the appellate filing fees.

## III.  Conclusion

We AFFIRM the district court's judgment dismissing the Clevelands' § 1983 suit for substantially the same reasons provided by the district court and DISMISS Mr. Cleveland's appeal.  We also DENY Mr. Cleveland's request to

proceed IFP and impose two strikes under the PLRA.

ENTERED FOR THE COURT,

Timothy M. Tymkovich
Circuit Judge

-5-